NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AETREX WORLDWIDE, INC., | Hon. Dennis M. Cavanaugh |
| Plaintiff, | OPINION |
| v. | Civil Action No. 13-cv-1943 (DMC)(JBC) |
| SOURCING FOR YOU, LIMITED and SOURCING FOR YOU CONSULTING, LTD., | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the Motion of Defendants Sourcing for You, Limited and Sourcing for You Consulting, Ltd. (collectively "Defendants") to Stay this Proceeding and Compel Arbitration. Pursuant to FED. R. CIV. P. 78, no oral argument was heard. Based on the following and for the reasons expressed herein, Defendants' Motion to Stay this Proceeding and Compel Arbitration is **denied**.

I.   **BACKGROUND**[1]

On March 14, 2008, Plaintiff Aetrex Worldwide, Inc. ("Plaintiff") and Defendants entered into a supply agreement that contained a non-compete provision. The agreement also contained a stipulation to arbitrate certain matters, which was set out in Paragraph 14(F) as follows:

> Except for an action seeking a temporary restraining order or injunction related to the purposes of this Agreement, a suit to compel compliance with this dispute resolution process, or the entry and enforcement of any judgment on any arbitration award, any dispute, claim or controversy arising out of or relating to this Agreement or the breach, termination, enforcement, interpretation or validity thereof, including

---

[1] The facts from this section are taken from the parties' pleadings.

1

the determination of the scope or applicability of this Agreement to arbitrate, shall be determined exclusively by final, binding arbitration . . . .

On March 28, 2013, Plaintiff filed a Verified Complaint seeking temporary, preliminary, and permanent relief due to Defendants' alleged breach of the non-compete provision (ECF No. 1). Plaintiff also filed a Brief in Support of Order to Show Cause with Temporary Restraints (Id.). On April 4, 2013, Defendants filed a Motion to Stay the Complaint and Compel Arbitration (ECF No. 7). The Court denied Defendants' Motion on April 16, 2013, finding that the arbitration exclusion set forth above was applicable (ECF No. 12). Two days later, on April 18, 2013, Plaintiff withdrew its Motion for a preliminary injunction (ECF No. 14). Defendants filed the instant Motion to Stay this Proceeding and Compel Arbitration on May 14, 2013 ("Def.'s Mot.," ECF No. 21). Plaintiff filed a Brief in Opposition on June 3, 2013 ("Pl.'s Opp'n," ECF No. 25). Defendants filed a Reply Brief on June 10, 2012 ("Def.'s Reply," ECF No. 26).

## II.   STANDARD OF REVIEW

When deciding whether a matter must be submitted to arbitration, courts must make two determinations: "(1) that a valid agreement to arbitrate exists, and (2) that the particular dispute falls within the scope of that agreement." Washington v. CentraState Healthcare Sys., Inc., No. 10-6279, 2011 WL 1402765, at *4 (D.N.J. Apr. 13, 2011). When a contract contains an arbitration clause, a presumption of validity arises, which can only be overcome if the court can determine with positive assurance that the clause does not cover the dispute at issue. AT & T Technologies v. Communications Workers of America, 475 U.S. 643, 650 (1986). Further, if a plaintiff "seeks relief in federal court for a claim that is subject to an arbitration agreement, the defendant is entitled to a stay of the court proceeding pending arbitration, and to an order

2

compelling arbitration." In re EnCap Golf Holdings, LLC, No..08-5178, 2009 WL 2488266, at *2 (D.N.J. Aug. 10, 2009).

### III.   DISCUSSION

In the instant case, neither party argues that a valid agreement to arbitrate does not exist. Thus, the Court's only inquiry is whether the parties' particular dispute falls into the scope of their arbitration agreement. The parties' disagreement revolves around the following wording in Paragraph 14(F) of their contract: "Except for an action seeking a *temporary restraining order or injunction* . . . any dispute, claim or controversy arising out of or relating to this Agreement . . . shall be determined exclusively by final, binding arbitration." Plaintiff contends that this language includes both preliminary and permanent injunctions (Pl.'s Opp'n at 6). Defendants, however, claim that the word "temporary" modifies both "restraining order" and "injunction," and thus argue that the world "injunction" does not include permanent injunctions (Def.'s Mot. at 7).

Defendants point to various case law for the proposition than "an 'initial modifier' adjective is deemed to modify each of the nouns or phrases it precedes" (Def.'s Reply at 3). For example, the Sixth Circuit found that the phrase "negligent act, error or omission" covered only negligent as opposed to intentional conduct. U.S. Fid. & Guar. Co. v. Fireman's Fund Ins. Co., 896 F.2d 200, 203 (6th Cir. 1990). See also Washington Educ. Ass'n v. Nat'l Right to Work Legal Def. Found., Inc., 187 F. App'x 681, 682 (9th Cir. 2006) ("Under generally accepted rules of syntax, an initial modifier 'will tend to govern all elements in the series unless it is repeated for each element.'" (citation omitted)). In the present case, however, a plain reading of the disputed contract provision shows that the word "temporary" is not an initial modifier adjective; rather, it is an integral part of the phrase "temporary restraining order." It is unreasonable to

suggest that the parties only intended the provision to cover preliminary and not permanent injunctions, yet did not include the world "preliminary" in front of the word "injunction." Therefore, this Court finds that the disputed contract provision unambiguously covers permanent injunctions. Accordingly, Defendants' Motion to Stay this Proceeding and Compel Arbitration is **denied**.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Stay this Proceeding and Compel Arbitration is **denied**.

Dennis M. Cavanaugh, U.S.D.J.

Date:   September 24, 2013
cc:     Clerk's Office
        All Counsel of Record
        Hon. Mark Falk, U.S.M.J.